# **EXHIBIT O**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>               Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estate of Woodbridge Group of Companies, LLC, *et al*.,<br><br>               Plaintiff,<br><br>v.<br><br>(SEE *EXHIBIT 1* ATTACHED HERETO),<br><br>               Defendants. | Adv. Proc. Case Nos. (SEE *EXHIBIT 1*)<br><br><br><br><br><br>**Status Conference: May 19, 2021, at 9:00 a.m. (ET)** |

**LIQUIDATION TRUST'S STATUS REPORT FOR**
**MAY 19, 2021 STATUS CONFERENCE**

The Woodbridge Liquidation Trust (the "Trust"), formed pursuant to the confirmed and effective *First Amended Joint Chapter 11 Plan of Liquidation of Woodbridge Group of Companies, LLC and its Affiliated Debtors* [Docket No. 2397] (the "Plan")[2] in the jointly-administered chapter 11 bankruptcy cases (the "Cases") of Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this status report (this "Status Report") in advance of the May 19, 2021 status conference ordered by the Court in its April 13, 2021 order [Docket No. 4631].

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).  The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not otherwise defined in this Status Report have the meanings set forth in the Plan.

This Status Report is in two parts.  Part 1, which is in narrative format, provides a detailed overview and history of the Debtors, the Cases, the Plan, and the Trust.  Part 2, which is in chart format, addresses the status of each pending adversary proceeding before the Court.

## I.  PART ONE: NARRATIVE BACKGROUND

### A.    Pre-Bankruptcy History

1.    These bankruptcy cases arise out of a massive, multi-year Ponzi scheme perpetrated by Robert Shapiro, the Debtors' founder, between (at least) 2012 and 2017. As part of this fraud, Shapiro, through the Debtor entities, raised over one billion dollars from approximately 10,000 investors—as either "Noteholders" or "Unitholders"—and used over $400 million of new investor funds to pay existing investors—a typical characteristic of Ponzi schemes.

2.    Rather than raise large sums from a few institutional investors, Shapiro instead focused his fundraising efforts on raising relatively small investments from many "mom and pop" investors, many of whom were elderly and entrusted a substantial portion (or all) of their life savings to Woodbridge.  In fact, nearly $400 million of the total funds invested in the Debtors came from funds in Individual Retirement Accounts (IRAs).  Accordingly, severe economic harm in these Cases was acutely felt by individuals who could least afford it.  The harm cannot be overstated, and manifested differently in each investor.  Retirement accounts— slowly built over decades of work—were wiped out.  Seniors reliant on monthly checks from Woodbridge to pay a mortgage or rent could no longer make those payments.  Money earmarked for a relative's education instantly disappeared.  Illnesses could no longer be adequately treated. The Trustee and his counsel received constant calls from investors telling these, and other, stories of their financial devastation.  And, as described below, although recoveries have been

material, they have not come close to making investors whole—let alone compensating them for the years without access to, or returns from, their money.

3.      Money was primarily raised through sales of two types of investments: (i) five-year private placement securities styled, marketed or sold as "units" in various Woodbridge funds (investors in these instruments are known as Unitholders), and (ii) debt securities due in 12 to 18 months and styled, marketed or sold as "notes" (investors in these instruments are known as Noteholders).  While he was in control of the prepetition Debtors, Shapiro deceived these investors in order to obtain their money. He told investors that the money raised would be loaned by the Debtors to unrelated third parties (and, in the case of notes, secured by real property purchased by such third parties) at favorable loan-to-value ratios. Those third-party borrowers would then pay interest and principal to the Debtors (or else the Debtors would foreclose on the property), and the Debtors would, in turn, pay interest to the investors.

4.      In reality, these were lies on a massive scale. Investors' money was (with extremely few exceptions) *not* used to make high-interest loans to unrelated, third-party borrowers, and investors' money was *not* used for the specific property that may have been identified in any particular investor's documentation from the prepetition Debtors. Rather, Shapiro created disguised affiliates to which money obtained from investors was "loaned," and those disguised affiliates (themselves Debtors as well) had no ability to service the debt.  These affiliate "borrowers" purchased real properties, but had no source of cash to make monthly interest (or principal) payments, leaving the Debtors without any significant source of revenue to pay investors' periodic interest.

5.      Shapiro also used investor money to pay approximately $64.5 million in commissions to sales agents who sold these fraudulent "investments" and used investor money to

pay at least $21.2 million for Shapiro's personal benefit (including, for example, purchasing luxury items, travel, wine, and the like). Additionally and critically, in the absence of any meaningful cash inflows into the prepetition Debtors from sources other than investors, Shapiro and the prepetition Debtors, which he controlled, used over $400 million of new investor funds to pay "interest" and "principal" to existing investors.

6.      By late 2017, Shapiro was being investigated by the United States Securities and Exchange Commission (the "SEC") and numerous state regulatory agencies. As a result, Shapiro found it difficult to raise new investor money. The prepetition Debtors were reliant on money from new investors to make the payments promised to existing investors. When new investments dried up, the prepetition Debtors could no longer make these payments to existing investors, and therefore Shapiro's scheme quickly unraveled.

**B.      Bankruptcy Filings and Immediate Aftermath**

7.      Shapiro hired new outside managers for the prepetition Debtors on or about December 1, 2017, who commenced many of the Debtors' bankruptcy cases on December 4, 2017 (several additional Debtors' cases were filed over the ensuing months).  Over the next several weeks, both the SEC and the Official Committee of Unsecured Creditors (the "Unsecured Creditors' Committee") filed motions seeking the appointment of a chapter 11 trustee, arguing that the new "independent" management team was "completely aligned [with Shapiro] in controlling this bankruptcy."  Also around this time, certain groups of Noteholders and a group of Unitholders sought appointment of official committees of Noteholders and Unitholders, respectively.

8.      On January 23, 2018, following several days of evidentiary hearings on the trustee motions, the Debtors, the Unsecured Creditors' Committee, the SEC, as well as groups of Noteholders and Unitholders, reached a global settlement. The settlement provided, among other

things, for the formation of a new board of managers (the "New Board")—with no ties whatsoever to Shapiro—to govern the Debtors.  The New Board consisted of M. Freddie Reiss, Michael Goldberg, and Richard Nevins.  The New Board subsequently engaged Frederick Chin to serve as the Debtors' Chief Executive Officer, and Bradley Sharp to serve as the Debtors' Chief Restructuring Officer, and also retained new bankruptcy co-counsel for the Debtors.  The settlement also provided for the formation of fiduciary committees of Noteholders and Unitholders (the "Noteholder Committee" and the "Unitholder Committee") (in addition to the already-existing Unsecured Creditors' Committee).

9.       After implementation of the global settlement, the Debtors and their new management and advisors worked diligently and cooperatively with the three committees (the Unsecured Creditors' Committee, the Noteholder Committee, and the Unitholder Committee) to formulate a plan that would return as much money as possible to investors, while ensuring that the Debtors' funds were not squandered by years of litigation between and among the Debtors' creditor constituencies over matters such as the priority of claims of Noteholders and Unitholders, as well as other unsecured creditors, relative to one another.

**C.       The Plan**

10.       Ultimately, the Debtors and the creditor constituencies reached a settlement, and implemented that settlement into the Plan, which was confirmed by the Court on October 26, 2018, and effectuated on February 15, 2019 (the "Effective Date").  The following paragraphs describe several of the most relevant provisions of the Plan.

11.       *First*, the Plan provided for the establishment of the Trust.  The Trust was charged with liquidating the Liquidation Trust Assets for the benefit of its beneficiaries, which assets include various claims and causes of action that were either (i) formerly owned by the Debtors and vested in the Trust pursuant to the Plan or (ii) contributed by investors to the Trust as

"Contributed Claims" (as defined and explained later).  The Trust's purposes also include

litigating or otherwise resolving claims filed against the Debtors, paying administrative and

priority claims against the Debtors, and, in accordance with the waterfall prescribed by the Plan,

making distributions of cash to the Trust's beneficiaries.  Michael Goldberg (who had previously

served as a member of the New Board) was unanimously selected by all three creditor

constituencies to serve as the Liquidation Trustee of the Trust.  Mr. Goldberg has practiced law

for approximately 30 years in the areas of fraud, recovery, bankruptcy and reorganizations.  He

holds Bachelor of Arts and Juris Doctor degrees from Boston University and a Master of

Business Administration from New York University.  Mr. Goldberg is the co-chair of Akerman

LLP's Fraud & Recovery Practice Group, a comprehensive fraud management team focusing on

Ponzi schemes and EB-5 fraud.  He is also a partner in the Bankruptcy Practice Group and

previously served as its chair. Mr. Goldberg has managed some of the largest Ponzi scheme

liquidation recoveries in U.S. history. More recently he has developed a reputation for his work

unraveling EB-5 fraud schemes. Mr. Goldberg has served as court-appointed receiver in many

cases over the past two decades, helping victims maximize potential returns by identifying,

securing, and monetizing potential assets as quickly and efficiently as possible. He regularly

lectures on Ponzi schemes, EB-5 fraud and receiverships and has written numerous articles on

these topics.  The Liquidation Trustee is subject to the supervision, to the extent set forth in the

Plan, of the Liquidation Trust Supervisory Board, which currently consists of six members.

12.    *Second*, the Plan provided for the establishment of Woodbridge Wind-Down

Entity LLC (the "Wind-Down Entity") as a wholly owned subsidiary of the Trust.  The Wind-

Down Entity was formed to develop (as applicable), market and sell (via several subsidiaries of

the Wind-Down Entity) the real-estate assets formerly owned by the Debtors to generate cash to

be remitted to the Trust, and has, indeed, been engaged in such activities since the Effective

Date. The Board of Managers of the Wind-Down Entity consists of M. Freddie Reiss and

Richard Nevins (both of whom had served on the Debtors' New Board), as well as Frederick

Chin, who is also the Wind-Down Entity's CEO (and had served in that role for the Debtors).

13. **Third**, the Plan provided that holders of allowed claims in Classes 3, 4, and 5

under the Plan—consisting of former Noteholders (Class 3), former Unitholders (Class 5), and

creditors holding other general unsecured claims (Class 4) —received beneficial interests in the

Trust (or, "Trust Interests") in exchange for such allowed claims, which Trust Interests entitle

them to share in any distributions of cash from the Trust. The Trust granted both "Class A"

Trust Interests and "Class B" Trust Interests. Holders of allowed claims in Classes 3 and 4

received one (1) Class A Trust Interest for every $75.00 of their allowed claims. Pursuant to a

compromise in the Plan (of a legal question regarding whether the instrument held by

Unitholders was a "claim" or "equity"), Unitholders were granted 72.5% of one (1) Class A

Trust Interest and 27.5% of one (1) Class B Trust Interest for every $75.00 of allowed claims.[3]

14. **Fourth**, the Plan provides for available cash to be distributed first on account of

Class A Trust Interests on a *pro rata* basis until all Class A Trust Interests have been "paid in

full"—in other words, until $75.00 has been distributed on account of each Class A Trust

Interest. Thereafter, available cash may be distributed on account of Class B Trust Interests.

15. **Fifth**, the Plan incorporated a "netting" mechanism for Noteholder and

Unitholder claims. Under this system, both Noteholders and Unitholders received Trust Interests

based on their "net" claims. The netting was achieved by reducing the gross amount of each

---

[3] Accordingly, for example, a Noteholder with $75,000 in allowed claims would have received 1000 Class A Trust Interests, whereas a Unitholder with the same $75,000 in allowed claims would have received only 725 Class A Trust Interests, but would also receive 275 Class B Trust Interests.

Noteholder or Unitholder allowed claim by the aggregate amount of all pre-bankruptcy distributions received by the Noteholder or Unitholder (other than return of principal, as any such returned principal amounts would not have been part of the face amount of an investor's claim). For instance, a Noteholder holding a note with a face amount of $100,000 who received $10,000 in "interest" before the bankruptcy would be deemed to hold a "net" note claim of $90,000. Such a noteholder would be deemed to have an allowed claim of $90,000 (rather than $100,000) and would receive Class A Trust Interests corresponding to that $90,000 claim.

16.     *Sixth*, the Plan offered Noteholders and Unitholders the option (by making the appropriate election on such investor's Plan ballot) to assign certain Woodbridge-related causes of action against third parties held by such Noteholder or Unitholder—for example, against brokers, banks, or financial advisors (among others)—to the Trust (the "Contributed Claims"), for prosecution by the Trust in the Trust's sole discretion. Any investor making such election (each, a "Contributing Claimant") agreed that (i) it had been deemed to contribute its Contributed Claims to the Trust, (ii) it would no longer be permitted to pursue such Contributed Claims on its own individual behalf, and (iii) any recovery by the Trust on such Contributed Claims would be an asset of the Trust for distribution to all Trust beneficiaries.

17.     Under the Plan, each Contributing Claimant received the "Contributing Claimants Enhancement Multiplier"—that is, a 5% enhancement of such claimant's allowed claim. This enhancement was applied to any Contributing Claimant's allowed claim before conversion of that claim to Trust Interests. For example, a Noteholder with $300,000 of allowed net note claims who did not elect to be a "Contributing Claimant" would have received four thousand (4,000) Class A Trust Interests ($300,000 / $75 = 4,000). By contrast, a Noteholder with $300,000 of allowed net note claims who did elect to be a "Contributing Claimant" would have

first (before conversion to Trust Interests) had its $300,000 claim multiplied by 105%, for an enhanced claim of $315,000. The enhanced $315,000 claim would then have been converted to 4,200 Class A Trust Interests ($315,000 / $75 = 4,200). Approximately 59% of investors elected to contribute their Contributed Claims.

### D.    Post-Effective Date Activities and Litigation

18.    Since the Effective Date of the Plan, the Trust and the Wind-Down Entity have been working to liquidate their assets for the benefit of the Trust's beneficiaries, including by (i) developing, marketing, and selling real properties and (ii) pursuing litigation as described below. The Trust has also been working to resolve claims filed against the Debtors, and has filed thirty-three omnibus objections, as well as numerous standalone objections, which have resolved well over 3,000 claims. In addition, the Trust has effectuated the registration with the SEC of the Class A Trust Interests and obtained approval from the Depository Trust Corporation (the "DTC") to make such Trust Interests eligible for the DTC's direct registration system services.[4] Since that time, the Trust has been filing periodic reports with the SEC, including quarterly Form 10-Q reports at the end of each fiscal quarter and an annual 10-K report at the end of the Trust's fiscal year.

19.    As of the filing of this Status Report, the Trust has made six (6) distributions of excess cash, for a total return of $19.77 per Class A Trust Interest. There have been no distributions on Class B shares. The distributions to date equate to the following percentage recoveries on the allowed claims of Classes 3, 4, and 5:

---

[4] The Plan had provided that the "Trust shall use its commercially reasonable best efforts to cause an Exchange Act Registration of the Class A Liquidation Trust Interests to become effective, and for the Class A Liquidation Trust Interests to be quoted with an OTC ticker symbol, as soon as reasonably practicable after the Effective Date." There is no similar requirement with respect to the Class B Trust Interests.

| | |
|---|---|
| Class 3 (contributing) | 27.68% |
| Class 3 (non-contributing) | 26.36% |
| Class 4 | 26.36% |
| Class 5 (contributing) | 20.07% |
| Class 5 (non-contributing) | 19.11% |

20.     As set forth in Part II of this Status Report, the Trust is plaintiff in 260 adversary proceedings seeking recovery of preferences and/or fraudulent transfer.  The Trust has also already resolved over 200 such actions by settlement or judgment.  In addition to the legal proceedings listed in Part II, the Trust is also involved in several legal actions pending in other courts.

21.     There are two pending actions against Comerica Bank, the institution at which the Debtors maintained all of their bank accounts, alleging various causes of action.  *In re Woodbridge Investments Litigation,* Case No. 2:18-cv-00103-DMG-MRW (C.D. Cal.), is a consolidated class action in the United States District Court for the Central District of California brought on behalf of former Noteholders and Unitholders against Comerica Bank. It is comprised of five separate lawsuits filed between January 4, 2018 and April 26, 2018. The five lawsuits were consolidated, lead class counsel was appointed, and filed a consolidated class action complaint on September 19, 2019.  On April 16, 2021, the plaintiffs moved for class certification.  The Trustee asserts that he is a member of the putative class on account of the Trust having taken assignment of the Contributed Claims of thousands of Noteholders and Unitholders, which Contributed Claims include claims against Comerica.  Comerica disputes that assertion.

22.     *Goldberg vs. Comerica Bank*, Adv. Pro. No. 20-ap-50452-BLS (Bankr. D. Del., originally filed Apr. 26, 2019 in California and transferred on February 5, 2020 to Delaware), is an action by the Trust against Comerica Bank alleging fraudulent transfer liability under the

California Civil Code. The Trust's complaint also incorporates the claims asserted against

Comerica Bank in the class action (referenced in the preceding paragraph) to the extent that such

claims are ultimately determined to belong to the Trust rather than to individual former

Noteholders and Unitholders or the Trust is not included in the class.  On December 18, 2020,

the Bankruptcy Court approved a stipulation staying the action until one of the parties or the

court determines to vacate the stay.

  23. *Goldberg v. Halloran & Sage LLP, et al*., Case No. 19STCV42900 (Cal. Super.

Ct., L.A. Cnty., filed Dec. 2, 2019), is an action by the Trust in the California Superior Court (the

"State Court") against nine law firms and ten individual attorneys for conduct in connection with

their representation of Robert Shapiro, the Debtors or their affiliates before the commencement

of the Cases, as well as against up to 100 "Doe" defendants. The conduct challenged in the

complaint includes knowingly and/or negligently preparing loan documents and investment

agreements with material misstatements and omissions, designing deceptive securities products,

preparing incorrect legal opinion memoranda on which investors relied, and assisting in the

creation of nominally third-party borrower entities that were in fact controlled by Robert

Shapiro.  As of the date hereof, several defendants have been dismissed by the State Court on

either "Anti-SLAPP" or jurisdictional bases, and the Trust has appealed certain of those

dismissals.  The balance of the case remains stayed pending those appeals.  The Trust has

reached settlements with three defendants in this litigation.  The Trust also filed a federal lawsuit

against certain of the defendants that had been dismissed from the State Court action on

jurisdictional bases.  The conduct challenged in the complaint includes certain of the same

conduct challenged in the State Court.  The federal court recently granted motions to dismiss this

lawsuit, and the Trust is considering its appellate options.

24.     *Criminal Proceeding and Forfeiture*.  In connection with the United States'
criminal case against Robert Shapiro (Case No. No. 19-20178-CR-ALTONAGA (S.D. Fla.
2019)), Robert Shapiro (and his wife, Jeri) agreed to the forfeiture of certain assets (the
"<u>Forfeited Assets</u>").  The Trust filed a petition in the Florida court to claim the Forfeited Assets
as property of the Debtors' estates, and therefore as property that had vested in the Trust
pursuant to the Plan.  The Trust entered into an agreement with the United States Department of
Justice to resolve its claim, which agreement was approved by the Bankruptcy Court on
September 17, 2020 and was approved by the United States District Court on October 1,
2020.  Among other things, the agreement provides for the release of specified forfeited assets by
the United States to the Trust, and for the Trust to liquidate those assets and distribute the net
sale proceeds to "Qualifying Victims," which include the vast majority of Trust beneficiaries—
specifically, all former holders of Class 3 and 5 claims and their permitted assigns—but do not
include former holders of Class 4 claims.  The Trust has taken possession of most of the
Forfeited Assets, and is working with the Department of Justice to obtain possession of the
remainder of the Forfeited Assets.  Shapiro was sentenced to 25 years in federal prison, and is
currently serving that sentence.

Dated:    May 5, 2021
          Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 90073)
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Fax: 302-652-4400
Email: rpachulski@pszjlaw.com
        acaine@pszjlaw.com
        bsandler@pszjlaw.com
        crobinson@pszjlaw.com

-and-

KTBS LAW LLP, *f/k/a Klee, Tuchin, Bogdanoff &
Stern LLP*
Kenneth N. Klee (*pro hac vice*)
Michael L. Tuchin (*pro hac vice*)
David A. Fidler (*pro hac vice*)
Jonathan M. Weiss (*pro hac vice*)
1801 Century Park East, 26th Floor
Los Angeles, California 90067
Tel:    (310) 407-4000
Fax:    (310) 407-9090

*Counsel to the Liquidation Trust*

# PART II – CHART OF PENDING ADVERSARY PROCEEDINGS

**BRIEF SUMMARY OF ADVERSARY CASES:**

Number of adversary proceedings filed: 470

Number of adversary proceedings closed/dismissed: 210

Number of active adversary proceedings: 260

**STATUS CATEGORY B:** List all cases where service is complete, but answers are still due. Provide answer due date.

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Comerica Bank v. Beynon Family Trust, et al. | 18-50382 | On August 15, 2019, the Court entered an Order granting the Defendants' abstention motion and dismissing the complaint without prejudice. *See* Adv. Docket No. 36. |
| Dane R. Roseman (a/k/a Dayne R. Roseman) and  Precise Investment Group, LLC | 19-50695 | This proceeding is being held in abeyance until the earlier of (i) entry of final judgment in Roseman's criminal case, and (ii) July 30, 2021.  *See* Adv. Docket No. 13. |
| Comerica Bank | 20-50452 | On December 18, 2020, the Court approved a stipulation staying the action until one of the parties or the Court determines to vacate the stay. |

**STATUS CATEGORY C:** List all cases where service is complete, no answer has been filed, and Plaintiff is making a motion or request for Default Judgment.

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Thomas H. Haag, Joanne P. Haag | 19-50320 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC, Custodian for the Benefit of Claro Chen IRA, Claro Chen | 19-50558 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Mainstar Trust, Custodian for the Benefit of Diana Sehl, Diana Sehl | 19-50564 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Mainstar Trust, Custodian for the Benefit of Daniel K. Gwinn, Daniel K. Gwinn | 19-50571 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| IRA Services Trust Company, Custodian for the Benefit of Michael D. Loring IRA, Michael D Loring | 19-50597 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Ascensus, LLC, Custodian for the Benefit of Catherine Williams IRA, Catherine Williams | 19-50606 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC, Custodian for the Benefit of Elizabeth A. Janovsky IRA, Elizabeth A. Janovsky | 19-50700 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Jose Reta | 19-50755 | Plaintiff intends to file a request for entry of default. |
| Thomas V. Rasmussen, in his Capacity as Trustee of the Thomas V. & Georgia S. Rasmussen Family Living Trust, Thomas V Rasmussen, Georgia S Rasmussen | 19-50757 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Raymond M. Chambers, Sarah E. Chambers | 19-50777 | Plaintiff intends to file a request for entry of default. |
| Robert W. Haskins, Neoma F. Haskins | 19-50779 | Plaintiff intends to file a request for entry of default. |
| Kenneth R. Carberry | 19-50787 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Roderick P. Fries | 19-50789 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| John M. Schroeder | 19-50790 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Del Wittler | 19-50791 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

16

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Mainstar Trust, Custodian for the Benefit of Teri Lambertz, Teri Lambertz | 19-50793 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Alan Mickelson | 19-50803 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Katherine Vander Werff, in her capacity as Trustee of the Peter & Katherine Vander Werff Revocable Trust; Peter Vander Werff; Katherine Vander Werff | 19-50804 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ramsay McCue | 19-50805 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Dolores Schulze, in her capacity as Trustee of The Schulze Family Revocable Living Trust Agreement Dated 05/26/05; Dolores Schulze | 19-50807 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Gwendolyn Bissette | 19-50815 | Plaintiff intends to file a request for entry of default. |
| Frances Fernandez | 19-50816 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Helen S. Fong | 19-50818 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| IRA Services Trust Company, Custodian For The Benefit of Bret J. Parent IRA, Bret J. Parent | 19-50821 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Rebecca K Wittler | 19-50822 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Karen I Clara | 19-50824 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Angela Chatham IRA, Angela Chatham | 19-50828 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Barbara Lois Feldman | 19-50833 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Clifton Hartley IRA, Clifton Hartley | 19-50834 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of | 19-50835 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Martha C. Maclean Roth IRA, Martha C. Maclean | | |
| Heidi M Pilant | 19-50841 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Anna Santacroce | 19-50844 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Logan Turrentine | 19-50845 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Karen Vlasak | 19-50846 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ian Rubin Insurance Agency, Inc. | 19-50863 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Thomas A. Piazza IRA, Thomas A Piazza | 19-50867 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| I. Cleveland Huff, in his Capacity as Trustee of the Huff Irrevocable Trust Dated 12/10/12, I Cleveland Huff | 19-50868 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Judith L. Werner, in her Capacity as Trustee of the Werner Family Living Trust 03/02/00, Michael P. Werner, in his Capacity as Trustee of the Werner Family Living Trust 03/02/00, Judith L. Werner, Michael P. Werner | 19-50871 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Gilchrist Metal Fabricating Co., Inc. | 19-50874 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Lavinia Mitrea, Daniel Mitrea | 19-50876 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Donald Abney, Lee Ann Abney | 19-50881 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Billy McNeese, Sally McNeese | 19-50883 | Plaintiff intends to file a request for default judgment. |
| IALT Enhanced Income Portfolio 1 LLC, IALT Portfolio Management, LLC, Devon Mason | 19-50895 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Martin Schneider | 19-50903 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| IRA Services Trust Company, Custodian for the Benefit of Harold L. Lustig IRA; Harold L. Lustig | 19-50910 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| JRH Marketing, Inc. | 19-50916 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Life Plan Advisors Inc. | 19-50924 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Bradford Solutions, LLC, Marcus Bray | 19-50925 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Christopher Longworth | 19-50928 | Plaintiff intends to file a request for entry of default. |
| Annua Group LLC | 19-50930 | Plaintiff intends to file a request for entry of default. |
| Old Security Financial Group Inc. | 19-50933 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Prestige Insurance Services, LLC | 19-50934 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Thomas Doherty | 19-50936 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Vlchetr Thong | 19-50937 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| David Johnston | 19-50943 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Eric Little | 19-50944 | Plaintiff intends to file a request for entry of default. |
| Dayspring Advisors Group LLC | 19-50948 | Plaintiff intends to file a request for entry of default. |
| Gary L. Burke | 19-50954 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Morgan J. Commodore | 19-50957 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Patrick Gatbonton | 19-50959 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Integrity Plus Consulting, Inc., Sean P. Renninger | 19-50960 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Jeffrey DeAngelis | 19-50962 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Peter Derienzo | 19-50963 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Talbert Wealth; Steven Glick | 19-50967 | The Trustee will withdraw the request for entry of default and request the Court to appoint a mediator. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Geneva W. Guilbeaux IRA; Diana Engelhardt, Solely in her Capacity as Executrix to the Estate of Geneva W. Guilbeaux; Diana Engel Solely in her Capacity as Executrix to the Estate of Charles D. Guilbeaux | 19-50968 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| RH Principled Investments, and Raymond Han | 19-50970 | Plaintiff intends to file a request for entry of default. |
| Thomas Masztak | 19-50971 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Jacob A. Weiss | 19-50972 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| David Roitfarb | 19-50975 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Albert Payne | 19-50982 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| The Three Fourteen Company, Andres Pina | 19-50983 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Gregory Neal Johnson | 19-50985 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Jacqueline Suarez | 19-50986 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Shanoid A. Mays | 19-50993 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Queen B Services | 19-50995 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Reliant Group 360 Corp. | 19-50996 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| John E. McEnerney | 19-50999 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Bruce Moore | 19-51009 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Gene H. Langenberg | 19-51013 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| William Deaton | 19-51019 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Security Financial, LLC, Ameritrust Advisors of SC, LLC | 19-51020 | Plaintiff intends to file a request for entry of default. |
| Michael Robinson | 19-51021 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Roxanne Trent | 19-51028 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Security First Financial, LLC, Jerald Kagarise | 19-51030 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| JP Snyder, Inc. | 19-51035 | A Motion for Default Judgment has been filed with the Court and is scheduled for the 5/19/21 hearing. |
| Alternative Portfolio Solutions LLC and Richard Renshaw | 19-51036 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Annuity Alternatives of America, LLC | 19-51037 | Plaintiff intends to file a request for entry of default. |
| Glen D. Barnes | 19-51038 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Jace T. McDonald, Adams EZ Tax, LLC | 19-51040 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Barbara A. Weiser, Jay R. Weiser | 19-51051 | An entry of default was entered by the Clerk on 72/20; on 10/19/20 defendants filed an Answer. |
| Ascensus, LLC, Administrator and Custodian for the Benefit of Qun Hong Yin Roth IRA, Qun Hong Yin, Qun Hong Yin, as Trustee of the | 19-51052 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Qun Hong Domissy Yin Living Trust | | |
| Floyd E. Powell | 19-51056 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Faithway Financial Solutions LLC | 19-51057 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Tangible Assets Investments, LLC, Charles Thorngren | 19-51058 | Plaintiff intends to file a request for entry of default. |
| American Prosperity LLC, Taylor Ogden | 19-51060 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Shelburne Management, LLC, Dennis Carpenter | 19-51061 | No answer filed. Defendant agreed to consent judgment. |
| Sesco Benefit Services, Inc., Peter Holler | 19-51064 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| BCM Benefits Inc., Rance Bradshaw | 19-51065 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| S.J. Financial Services, L.L.C., Glenn Johnson | 19-51068 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Forecast Financial Group LLC, Forrest Financial LLC, Gary Forrest | 19-51070 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Eduardo G. Diaz, Diaz Retirement Consultants | 19-51071 | Plaintiff intends to file a request for entry of default. |
| Robert Shapiro, Jeri Shapiro, 3X A Charm, LLC, Carbondale Basalt Owners, LLC, Davanna Sherman Oaks Owners, LLC, In Trend Staging, LLC, Midland Loop Enterprises, LLC, Schwartz Media Buying Company, LLC, Stover Real Estate Partners, LLC | 19-51076 | Plaintiff and defendant Jeri Shapiro are currently negotiating the terms of a stipulated judgment.  Plaintiff will seek entry of default against the remaining defendants. |
| Scott Schwartz, Up and Coming Capital, LLC, Up and Coming, LLC | 19-51078 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| Albert D. Klager, Atlantic Insurance & Financial Services Inc. | 19-51079 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |
| FIC, LLC | 19-51140 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Kevin Martin | 19-51144 | An entry of default has been entered by the Clerk and Plaintiff intends to file a request for default judgment. |

**STATUS CATEGORY E:** List all cases that have settled or resolved, but a notice or stipulation of dismissal cannot yet be filed.

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Wendel, et al. | 18-50818 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Paula Rinkovsky | 19-50304 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Russell Bullis, Betsy Bullis | 19-50310 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Aaron R. Andrew, Paramount Financial Services, Inc. d/b/a Live Abundant | 19-50186 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Ascensus, LLC, Custodian for the Benefit of Donald L. Engle Jr. IRA, Donald L. Engle Jr. | 19-50566 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Ascensus, LLC, Custodian for the Benefit of Marie Walters-Gill IRA, Marie Walters-Gill | 19-50600 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Sumner Abramson, in his capacity as Trustee of the Sumner Abramson Revocable Living Trust, Sumner Abramson | 19-50740 | The Court entered an Order for Default Judgement on 4/5/21.

This matter is now settled.  Plaintiff intends to file a dismissal. |
| Anthony Arthur Meola Jr., in his capacity as Trustee of the Anthony Arthur Meola Jr. 2008 Trust, Anthony Arthur Meola Jr. | 19-50741 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Terry B. Griffin, in his capacity as Trustee of the Griffin Family Trust, Terry B. Griffin | 19-50744 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Mainstar Trust, Custodian for the Benefit of Ronald R. Smith, Ronald R Smith | 19-50751 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Provident Trust Group, LLC, Custodian for the Benefit of John B. Smith IRA, John B Smith | 19-50760 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Mainstar Trust, Custodian for the Benefit of Sherry L. Collver, Sherry L. Collver | 19-50794 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| IRA Services Trust Company, Custodian For The Benefit of Vicki Andren IRA, Vicki Andren | 19-50813 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Sharon R. Ferry IRA, Sharon R. Ferry | 19-50831 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Elizabeth Haskell | 19-50839 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Hart Placement Agency, Inc. | 19-50847 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Christopher J Watson | 19-50848 | An entry of default has been entered by the Clerk.  This matter has been settled. Plaintiff intends to file a dismissal. |
| Kathy Hagen, in her Capacity as Trustee to the Kathy A. Hagen Declaration of Trust Dated March 2,1998; Kathy Hagen | 19-50869 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| JAL Poultry and Swine Farms LLC | 19-50873 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| Ascensus, LLC, Custodian for the Benefit of John C. Miller IRA, John C. Miller | 19-50875 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| John R. Burns, in his capacity as Trustee of the John R. Burns Trust, John R. Burns | 19-50891 | An entry of default has been entered by the Clerk.  This matter has been settled.  Plaintiff intends to file a dismissal. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Leiah Kitare | 19-50901 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| James D. Lawless, in his capacity as Trustee of the Lawless Trust, James D. Lawless, Doris Lawless | 19-50902 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Edward Boyack, Solely in his Capacity as Special Administrator of the Estate of William Perry, a/k/a Herbert Perry; Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Herbert Perry | 19-50909 | This matter has been settled and will be dismissed pending filing of Stipulation to Reduce/Allow claim. |
| Michael Kandravi | 19-50914 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Kim Butler | 19-50917 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Asset Management Consultants of NC, Inc. and Carlton Scott Phillips | 19-50929 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| John Fagan | 19-50947 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| James A. Klohn & Assoc., P.A. | 19-50989 | This matter has been settled.  Plaintiff intends to file a dismissal. |
| NAA Insurance Agency, Corp. | 19-50990 | The Court entered an Order for Default Judgement on 4/5/21.<br><br>This matter has been settled.  Plaintiff intends to file a dismissal. |
| Matthew Gilchrist | 19-50997 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Daniel P. Orfin | 19-51005 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Ronaldo G. Espiritu | 19-51017 | Defendant filed motion to dismiss. Parties are in negotiations. |
| Harris Financial Management and John G. Harris | 19-51011 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Yanitsha M. Feliciano | 19-51015 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Theresa Sheridan | 19-51026 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Crosier Financial, Inc., d/b/a Crosier Financial, John Reed Crosier | 19-51045 | This matter has been settled. Plaintiff intends to file a dismissal once the settlement payment has been received in full. |
| Wieniewitz Financial LLC, Trae Wieniewitz | 19-51062 | This matter has been settled and a stipulated judgment is being filed with the Court. |
| To The Max Marketing, Inc. | 19-51066 | This matter has been settled. Plaintiff intends to file a dismissal. |
| Brian Scott, Margaret Scott | 19-51143 | This matter has been settled. Plaintiff intends to file a dismissal. |

**STATUS CATEGORY F:**  List all cases where service is complete, answer has been filed, discovery/disclosures are underway, and expected date of completion of discovery/disclosure.

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Aspen Glen, Inc., ClubCorp, Inc. | 19-50858 | Answer filed. Parties have informally exchanged position letters & documents. Parties are making an effort to resolve this matter and if unable to will enter into a scheduling order. |
| Mercedes-Benz International Services LTD | 19-50860 | Answer filed. Parties have informally exchanged documents.  Parties are making an effort to resolve this matter and if unable to will seek to amend the complaint. |
| Maxwell Financial Group, Inc. | 19-50915 | The defendant submitted initial disclosures on 4/15/21. |
| Woodbridge v. Monsoon Blockchain Storage | 19-50102 | The parties are preparing a scheduling order for submission to the Court. |
| Uma Gajavada | 19-51046 | The defendant has requested documents from the plaintiff and the response deadline is 4/24/21. |

**STATUS CATEGORY G:** Mediator has been selected or appointed.

**Please note: this category also includes the omnibus mediator report.**

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Stefan Kolosenko 19-50301 | Leslie Berkoff, Esq. | | 3/18/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Alexander S. Aduna, Emma R. Aduna 19-50307 | Ian Conner Bifferato, Esq. | | 4/13/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Sylvan R. Jutte, Jeannette E. Jutte 19-50308 | Ian Conner Bifferato, Esq. | | 6/3/21 | | |
| Brian D. Korkus, Robin L. Korkus 19-50309 | Ian Conner Bifferato, Esq. | | 6/21/21 | | |
| Russell Bullis; Betsy Bullis 19-50310 | Lucian B. Murley, Esq. | | | | SETTLED |
| Mary M. Noyes, Gale E. Noyes 19-50312 | Ian Conner Bifferato, Esq. | | 5/6/21 | | |
| Delton Christman, Jean Christman 19-50314 | Ian Conner Bifferato, Esq. | | 4/27/21 | | |
| Floyd G Davis, Lavonne J. Davis 19-50317 | Ian Conner Bifferato, Esq. | | 5/26/21 | | |
| George T. Iwahiro, Charlene M. Iwahiro 19-50319 | Ian Conner Bifferato, Esq. | | 3/12/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Toomas Heinmets, Pamela Heinmets 19-50322 | Ian Conner Bifferato, Esq. | | 4/2/21 | | Mediation was held and the parties continue |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| | | | | | to work towards resolving this matter. |
| Richard E. Attig, Stephanie L. Attig 19-50325 | Lucian B. Murley, Esq. | | 4/19/21 | | SETTLED |
| Jason Curtis 19-50327 | Derek C. Abbott, Esq. | | 6/30/21 | | |
| Janet V. Dues 19-50328 | Ian Conner Bifferato, Esq. | | 6/7/21 | | |
| Dena Falkenstein 19-50329 | Ian Conner Bifferato, Esq. | | 5/14/21 | | |
| Judy Karen Goodin 19-50330 | Ian Conner Bifferato, Esq. | | 5/21/21 | | |
| Dennis W. Hueth 19-50331 | Ian Conner Bifferato, Esq. | | 4/26/21 | Mediation to be - rescheduled. | |
| Christian Lester 19-50332 | Ian Conner Bifferato, Esq. | | 5/26/21 | | |
| Joseph Lin 19-50334 | Ian Conner Bifferato, Esq. | | 4/21/21 | | SETTLED |
| Jane Marshall 19-50335 | Ian Conner Bifferato, Esq. | | 5/19/21 | | |
| Laurence J. Nakasone 19-50337 | Ian Conner Bifferato, Esq. | | 4/28/21 | | |
| Blaine Phillips 19-50338 | Ian Conner Bifferato, Esq. | | 5/12/21 | | |
| George Edward Sargent 19-50340 | Ian Conner Bifferato, Esq. | | 4/29/21 | Mediation to be - rescheduled. | |
| Jeff Schuster 19-50341 | Ian Conner Bifferato, Esq. | | 5/19/21 | | |
| Jennifer Tom 19-50342 | Ian Conner Bifferato, Esq. | | 5/14/21 | | |
| Anita Bedoya, Mark Bedoya 19-50343 | Ian Conner Bifferato, Esq. | | 5/21/21 | | |
| Anita Bedoya, Julian Duran 19-50344 | Ian Conner Bifferato, Esq. | | 5/21/21 | | |
| Ronald Cole 19-50346 | Ian Conner Bifferato, Esq. | | 5/12/21 | | |
| Ronald Draper 19-50347 | Ian Conner Bifferato, Esq. | | 5/28/21 | | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Lawrence J. Paynter 19-50351 | Ian Conner Bifferato, Esq. | | 6/1/21 | | |
| Nannette Tibbitts 19-50353 | Ian Conner Bifferato, Esq. | | 5/28/21 | | |
| Marie Podkowinski 19-50559 | Leslie Berkoff, Esq. | | | | SETTLED |
| Donald L. Engle Jr. 19-50566 | Leslie Berkoff, Esq. | | | | SETTLED |
| Klenell Jensen 19-50575 | Judith K. Fitzgerald, Esq. | | 5/4/21 | | |
| Mainstar Trust, Custodian for the Benefit of John Korbierecki, John Korbierecki 19-50578 | Lucian B. Murley, Esq. | | 3/22/21 | | SETTLED |
| IRA Services Trust Company, Custodian for the Benefit of Dwight L. Atherton IRA,S Dwight L Atherton 19-50581 | Derek C. Abbott, Esq. | | | | SETTLED |
| Ascensus, LLC, Custodian for the Benefit of Deborah J. Murphy IRA, Deborah J. Murphy 19-50583 | Derek C. Abbott, Esq. | | 6/23/21 | | |
| Ascensus, LLC, Custodian for the Benefit of Larry A. Norton IRA, Larry A. Norton 19-50586 | Judith K. Fitzgerald, Esq. | | 4/6/21 | | SETTLED |
| IRA Services Trust Company, Custodian for the Benefit of Ivan Orr, Ivan Orr 19-50588 | Judith K. Fitzgerald, Esq. | | | Mediation to be scheduled. | |
| Ascensus, LLC, Custodian for the Benefit of Sheryl A. | Ian Connor Bifferato, Esq. | | | Mediation to be scheduled. | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Whitlock IRA, Sheryl A. Whitlock 19-50604 | | | | | |
| Anthony Arthur Meola Jr., T'tee of the Anthony Meola 2008 Trust; Anthony Arthur Meola Jrd. 19-50741 | | | | | SETTLED |
| Mainstar Trust, Custodian for the Benefit of Timothy Hawley, Timothy Hawley 19-50750 | Ian Conner Bifferato, Esq. | | 4/14/21 | | SETTLED |
| Irmgard Herrmann 19-50752 | Ian Conner Bifferato, Esq. | | 3/30/21 | | Mediator continues to work with parties to resolve the matter. |
| Christ Temple Baptist Church 19-50756 | Ian Conner Bifferato, Esq. | | 4/16/21 | | SETTLED |
| Sherry L. Collver 19-50794 | Leslie Berkoff, Esq. | | | | SETTLED |
| Mainstar Trust, Custodian for the Benefit of Jeanne Marie Spezia; Jeanne Marie Spezia 19-50806 | Leslie Berkoff, Esq. | 3/5/21 | | | SETTLED |
| IRA Services Trust Company, Custodian for the Benefit of Lynette Eddy IRA, Lynette Eddy 19-50808 | Judith K. Fitzgerald, Esq. | 3/9/21 | | | SETTLED |
| IRA Services Trust Company, Custodian For The Benefit of Earl Eddy IRA, Earl Eddy 19-50814 | Judith K. Fitzgerald, Esq. | 3/9/21 | | | SETTLED |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Marcella P. Best 19-50819 | Leslie Berkoff, Esq. | | 4/1/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Althea McCormick 19-50823 | Ian Conner Bifferato, Esq. | | 6/24/21 | | |
| Kirk W Chubka 19-50826 | Judith K. Fitzgerald, Esq. | | 6/22/21 | | |
| Mary Ellen Nuhn 19-50829 | Judith K. Fitzgerald, Esq. | | 6/16/21 | | |
| Sharon R. Ferry 19-50831 | Lucian B. Murley, Esq. | | | | SETTLED |
| Clayton Nakasone 19-50832 | Ian Conner Bifferato, Esq. | | 4/28/21 | | |
| Provident Trust Group, LLC, administrator and custodian for the benefit of Kerstin Rodriguez IRA; Kerstin Rodriguez 19-50837 | Derek C. Abbott, Esq. | | 6/23/21 | | |
| Hart Placement Agency, Inc. 19-50847 | Judith K. Fitzgerald, Esq. | | | | SETTLED |
| Robert Elmer 19-50850 | Ian Conner Bifferato, Esq. | | 4/13/21 | | SETTLED |
| Peter Greenberg 19-50855 | Ian Conner Bifferato, Esq. | 2/16/21 | | | Mediated but settlement not reached |
| Kathy Hagen 19-50869 | Lucian B. Murley, Esq. | | | | SETTLED |
| Fred Randhahn; Karen Randhahn; Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Antelope Women's Center 401K PSP for the Benefit of Karen Randhahn; Kronos Global Advisors, Inc. | Ian Conner Bifferato, Esq. | | 5/7/21 | | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| 19-50908 | | | | | |
| Phillip Ball (aka Larry Ball) 19-50913 | Judith K. Fitzgerald, Esq. | | 6/17/21 | | |
| Michael Kandravi 19-50914 | Ian Conner Bifferato, Esq. | | | | SETTLED |
| Kim Butler (aka Partners for Propserity) 19-50917 | Leslie Berkoff, Esq. | | | | SETTLED |
| Joseph Rubin Inc., a New York corporation, Joseph Rubin 19-50918 | Judith K. Fitzgerald, Esq. | | 4/27/21 | | SETTLED |
| All Mark Insurance Services, Inc., Cameron Johnson 19-50921 | Leslie Berkoff, Esq. | | | Mediation continued to date to be determined | |
| Chris Dantin Financial Services, LLC, Chris A. Dantin, Sr. 19-50922 | Derek C. Abbott, Esq. | | | | STIPULATED JUDGMENT |
| Danny Van Houten 19-50927 | Judith K. Fitzgerald, Esq. | | | | SETTLED |
| Asset Management Consultants of NC, Inc.; Carlton Scott Phillips 19-50929 | | | 3/15/21 | | SETTLED |
| Retirement Services LLC 19-50931 | Leslie Berkoff, Esq. | | 5/27/21 | | |
| Frontier Advisors Group LLC, David Nichols 19-50945 | Derek C. Abbott, Esq. | | 4/30/21 | | |
| Eric Little 19-50944 | Lucian B. Murley, Esq. | | 4/26/21 | | |
| John Fagan 19-50947 | Ian Conner Bifferato, Esq. | | | | SETTLED |
| Harvey & Companies 19-50950 | Ian Conner Bifferato, Esq. | | | Mediation Scheduling in process | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Ivy League College Planning Strategies, Inc., Michael Rappa 19-50951 | Judith K. Fitzgerald, Esq. | | 7/7/21 | | |
| James Lamont 19-50952 | Ian Conner Bifferato, Esq. | | 4/15/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Gregg W. Butler 19-50958 | Leslie Berkoff, Esq. | | 5/13/21 | | |
| Darin Baker 19-50961 | Judith K. Fitzgerald, Esq. | | 6/18/21 | | |
| Gerard J. O'Neill 19-50964 | Ian Conner Bifferato, Esq. | | | | SETTLED |
| James E. Campbell Jr. Inc. (d/b/a Campbell Financial Corp.), and James E. Campbell, Jr. 19-50965 | Lucian B. Murley, Esq. | | 4/19/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Dime Strategies, Inc.; Ronald P. Diez 19-50966 | Derek C. Abbott, Esq. | | 4/16/21 | | Mediation went forward-no settlement was reached. |
| David Keledjian 19-50973 | Ian Conner Bifferato, Esq. | | 6/21/21 | | |
| Harold Plain 19-50974 | Leslie Berkoff, Esq. | | 5/20/21 | | |
| Joseph W. Isaac 19-50976 | Leslie Berkoff, Esq. | | 5/11/21 | | |
| Joseph A. Loox 19-50978 | Leslie Berkoff, Esq. | | 5/13/21 | | |
| Donovan Knowles 19-50980 | Judith K. Fitzgerald, Esq. | | 3/16/21 | | SETTLED |
| Gregory Jandt 19-50981 | Ian Conner Bifferato, Esq. | | 4/8/21 | | Mediation was held and the parties continue to work towards resolving this matter. |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| James A. Klohn & Associates, PA 19-50989 | Ian Conner Bifferato, Esq. | | | | DISMISSAL IN PROCESS |
| John J. McNamara 19-50998 | Ian Conner Bifferato, Esq. | | | | SETTLED |
| David Valencia, Valencia Financial Services, LLC 19-51000 | Leslie Berkoff, Esq. | | | | SETTLED |
| Bette Tydings 19-51002 | Derek C. Abbott, Esq. | | | Mediation Scheduling in Process | |
| Ricki Dean Wiggs a/k/a Ricki Wiggs 19-51003 | Ian Conner Bifferato, Esq. | | 7/12/21 | | |
| Retirement Planning Solutions, LLC, Gordon Hannah 19-51004 | Derek C. Abbott, Esq. | | | | SETTLED |
| Daniel P. Orfin 19-51005 | | | | | SETTLED |
| Dennis Drake, Mid-Atlantic Brokers, Inc. 19-51006 | Ian Conner Bifferato, Esq. | 2/10/21 | | | Mediated but settlement not reached |
| Dan Reisinger 19-51007 | Ian Conner Bifferato, Esq. | | 6/29/21 | | |
| Richard Anthony Miller 19-51008 | Lucian B. Murley, Esq. | | 4/5/21 | | SETTLED |
| John Harris d/b/a Harris Financial Management 19-51011 | Judith K. Fitzgerald, Esq. | | | | SETTLED |
| Gaulan Financial LLC 19-51012 | Derek C. Abbott, Esq. | | 4/30/21 | | |
| Yanitsha M. Feliciano 19-51015 | | | | | SETTLED |
| Legacy Financial Network and Retirement Services, Inc. and Jeffrey Nimmow 19-51016 | Lucian B. Murley, Esq. | | | Mediation continued to date to be determined. | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| Searchlight Financial Advisors, LLC, Caroline Rakness 19-51022 | Leslie Berkoff, Esq. | | 3/11/21 | | SETTLED |
| Michael P. Litwin 19-51023 | Ian Conner Bifferato, Esq. | | 5/24/21 | | |
| Kenneth Halbert 19-51027 | Ian Conner Bifferato, Esq. | | 5/10/21 | | |
| Safety of Principle, Inc. 19-51029 | Derek C. Abbott, Esq. | | 5/11/21 | | |
| Bank of America Corp. 19-51031 | Ian Conner Bifferato, Esq. | | 5/7/21 | | SETTLED |
| Smithson Financial Group 19-51032 | Lucian B. Murley, Esq. | | 5/6/21 | | |
| Alfred S. Malianni, In His Capacity As Co-Trustee Of The Alfred S. And Gail E. Malianni Revocable Living Trust January 15, 2011; Gail E. Malianni, in her capacity as co-trustee of the Alfred S. and Gail E. Malianni Revocable Living Trust January 15, 2011; Alfred S. Malianni; Gail E. Malianni 19-51034 | Lucian B. Murley, Esq. | | | | Resolved in principle and being documented |
| Basic Financial Services Inc., Basic Wealth Advisors, Inc., Fred C. Johnson 19-51039 | Ian Conner Bifferato, Esq. | | | Mediation Scheduling in process | |
| TWH Annuities & Insurance Agency, Inc., Gryphon Financial Services 19-51042 | Derek C. Abbott, Esq. | | 6/16/21 | | |
| Sycamore Group, Inc., Bender W. Mackey | Ian Conner Bifferato, Esq. | | 6/28/21 | | |

| Defendant(s) and Adv. Case No. | Appointed/ Selected Mediator | Mediation Completed on (Date) | Mediation Scheduled to Occur on (Date) | A mediation session needs to be scheduled, but the mediator has been unable to arrange a date and time | Other |
|---|---|---|---|---|---|
| 19-51043 | | | | | |
| Jay N. Brown 19-51047 | Derek C. Abbott, Esq. | | 6/15/21 | | |
| Christopher M. Soulier 19-51050 | Lucian B. Murley, Esq. | | | Mediation Scheduling in process | |
| Structured Strategies, LLC, Alan K. Hoffman 19-51067 | Judith K. Fitzgerald, Esq. | | 6/15/21 | | |
| To the Max Marketing, Inc. 19-51066 | Ian Conner Bifferato, Esq. | | | | SETTLED |
| Deb Brundage 19-51069 | Lucian B. Murley, Esq. | | 3/29/21 | | Mediation was held and the parties continue to work towards resolving this matter. |
| Matthew Schwartz, Matte Black Inc. 19-51077 | Ian Conner Bifferato, Esq. | | 6/29/21 | | |
| Ascensus, LLC, Custodian for the Benefit of Gail Marie Bush IRA, Gail Marie Bush, Gail Marie Bush as Trustee of the Gail Marie Bush Trust Dated 12/21/2001 19-51133 | Ian Conner Bifferato, Esq. | | 3/30/21 | | SETTLED |
| Harry R. Culotta, in his Capacity as Trustee of the Harry R. Culotta Trust Dated 11/16/16, Harry R. Culotta 19-51138 | Ian Conner Bifferato, Esq. | | 4/21/21 | | SETTLED |

**STATUS CATEGORY J:**  List all cases which are stayed by the filing of another bankruptcy action affecting a party in this matter.

| Defendant(s) | Adv. Case No. | Comment |
|---|---|---|
| Randy Robertson | 19-50977 | Defendant filed for ch. 7 bankruptcy. |
| Rochelle Berman, In Her Capacity As Trustee Of The Rochelle Berman Trust, Rochelle Berman | 19-50892 | Defendant filed for ch. 13 bankruptcy on 1/16/20 in the U.S. Bankruptcy Court for the Southern District of Florida. |
| JetsuiteX, Inc. | 19-50856 | Defendant filed for ch. 11 bankruptcy. |
| David A. Scholl | 19-50926 | Defendant filed for ch. 13 bankruptcy. |
| Robert M. Linderman | 19-50932 | Defendant filed for ch. 7 bankruptcy. |
| Ronnie Weller | 19-50948 | Defendant filed for ch. 7 bankruptcy. |
| Mainstar Trust, Administrator and Custodian for the Benefit of Stacey Renee Maxted T2176604, Stacey Renee Maxted, Gerbera, LLC | 19-50956 | Defendant Stacey Renee Maxted filed for ch. 7 bankruptcy. |

**EXHIBIT 1**

| | Defendant(s) | Adv. Case No. |
|---|---|---|
| 1. | Comerica Bank v. Beynon Family Trust, et al. | 18-50382 |
| 2. | Wendel, et al | 18-50818 |
| 3. | Monsoon Blockchain Storage | 19-50102 |
| 4. | Aaron R. Andrew, Paramount Financial Services, Inc. | 19-50186 |
| 5. | Stefan Kolosenko | 19-50301 |
| 6. | Paula Rinkovsky | 19-50304 |
| 7. | Alexander S. Aduna, Emma R. Aduna | 19-50307 |
| 8. | Sylvan R. Jutte, Jeannette E. Jutte | 19-50308 |
| 9. | Brian D. Korkus, Robin L. Korkus | 19-50309 |
| 10. | Russell Bullis, Betsy Bullis | 19-50310 |
| 11. | Mary M. Noyes, Gale E. Noyes | 19-50312 |
| 12. | Delton Christman, Jean Christman | 19-50314 |
| 13. | Floyd G Davis, Lavonne J. Davis | 19-50317 |
| 14. | George T. Iwahiro, Charlene M. Iwahiro | 19-50319 |
| 15. | Thomas H. Haag, Joanne P. Haag | 19-50320 |
| 16. | Toomas Heinmets, Pamela Heinmets | 19-50322 |
| 17. | Richard E. Attig, Stephanie L. Attig | 19-50325 |
| 18. | Jason Curtis | 19-50327 |
| 19. | Janet V. Dues | 19-50328 |
| 20. | Dena Falkenstein | 19-50329 |
| 21. | Judy Karen Goodin | 19-50330 |
| 22. | Dennis W. Hueth | 19-50331 |
| 23. | Christian Lester | 19-50332 |
| 24. | Joseph Lin | 19-50334 |
| 25. | Jane Marshall | 19-50335 |
| 26. | Laurence J. Nakasone | 19-50337 |
| 27. | Blaine Phillips | 19-50338 |
| 28. | George Edward Sargent | 19-50340 |
| 29. | Jeff Schuster | 19-50341 |
| 30. | Jennifer Tom | 19-50342 |
| 31. | Anita Bedoya, Mark Bedoya | 19-50343 |
| 32. | Anita Bedoya, Julian Duran | 19-50344 |
| 33. | Ronald Cole | 19-50346 |
| 34. | Ronald Draper | 19-50347 |

| 35. | Lawrence J. Paynter | 19-50351 |
|---|---|---|
| 36. | Nannette Tibbitts | 19-50353 |
| 37. | Ascensus, LLC, Custodian for the Benefit of Claro Chen IRA, Claro Chen | 19-50558 |
| 38. | Marie Podkowinski | 19-50559 |
| 39. | Mainstar Trust, Custodian for the Benefit of Diana Sehl, Diana Sehl | 19-50564 |
| 40. | Ascensus, LLC, Custodian for the Benefit of Donald L. Engle Jr. IRA, Donald L. Engle Jr. | 19-50566 |
| 41. | Mainstar Trust, Custodian for the Benefit of Daniel K. Gwinn, Daniel K. Gwinn | 19-50571 |
| 42. | Klenell Jensen | 19-50575 |
| 43. | Mainstar Trust, Custodian for the Benefit of John Korbierecki, John Korbierecki | 19-50578 |
| 44. | IRA Services Trust Company, Custodian for the Benefit of Dwight L. Atherton IRA,S Dwight L Atherton | 19-50581 |
| 45. | Ascensus, LLC, Custodian for the Benefit of Deborah J. Murphy IRA, Deborah J. Murphy | 19-50583 |
| 46. | Ascensus, LLC, Custodian for the Benefit of Larry A. Norton IRA, Larry A. Norton | 19-50586 |
| 47. | IRA Services Trust Company, Custodian for the Benefit of Ivan Orr, Ivan Orr | 19-50588 |
| 48. | IRA Services Trust Company, Custodian for the Benefit of Michael D. Loring IRA, Michael D Loring | 19-50597 |
| 49. | Ascensus, LLC, Custodian for the Benefit of Marie Walters-Gill IRA, Marie Walters-Gill | 19-50600 |
| 50. | Ascensus, LLC, Custodian for the Benefit of Sheryl A. Whitlock IRA, Sheryl A. Whitlock | 19-50604 |
| 51. | Ascensus, LLC, Custodian for the Benefit of Catherine Williams IRA, Catherine Williams | 19-50606 |
| 52. | Dane R. Roseman (a/k/a Dayne R. Roseman) and  Precise Investment Group, LLC | 19-50695 |
| 53. | Ascensus, LLC, Custodian for the Benefit of Elizabeth A. Janovsky IRA, Elizabeth A. Janovsky | 19-50700 |
| 54. | Sumner Abramson, in his capacity as Trustee of the Sumner Abramson  Revocable Living Trust, Sumner Abramson | 19-50740 |
| 55. | Anthony Arthur Meola Jr., in his capacity as Trustee of the Anthony Arthur Meola Jr. 2008 Trust, Anthony Arthur Meola Jr. | 19-50741 |
| 56. | Terry B. Griffin, in his capacity as Trustee of the Griffin Family Trust, Terry B. Griffin | 19-50744 |
| 57. | Mainstar Trust, Custodian for the Benefit of Timothy Hawley, Timothy Hawley | 19-50750 |
| 58. | Mainstar Trust, Custodian for the Benefit of Ronald R. Smith, Ronald R Smith | 19-50751 |
| 59. | Irmgard Herrmann | 19-50752 |
| 60. | Jose Reta | 19-50755 |

| 61. | Christ Temple Baptist Church | 19-50756 |
|---|---|---|
| 62. | Thomas V. Rasmussen, in his Capacity as Trustee of the Thomas V. & Georgia S. Rasmussen Family Living Trust, Thomas V Rasmussen, Georgia S Rasmussen | 19-50757 |
| 63. | Provident Trust Group, LLC, Custodian for the Benefit of John B. Smith IRA, John B Smith | 19-50760 |
| 64. | Raymond M. Chambers, Sarah E. Chambers | 19-50777 |
| 65. | Robert W. Haskins, Neoma F. Haskins | 19-50779 |
| 66. | Kenneth R. Carberry | 19-50787 |
| 67. | Roderick P. Fries | 19-50789 |
| 68. | John M. Schroeder | 19-50790 |
| 69. | Del Wittler | 19-50791 |
| 70. | Mainstar Trust, Custodian for the Benefit of Teri Lambertz, Teri Lambertz | 19-50793 |
| 71. | Mainstar Trust, Custodian for the Benefit of Sherry L. Collver, Sherry L. Collver | 19-50794 |
| 72. | Alan Mickelson | 19-50803 |
| 73. | Katherine Vander Werff, in her capacity as Trustee of the Peter & Katherine Vander Werff Revocable Trust; Peter Vander Werff; Katherine Vander Werff | 19-50804 |
| 74. | Ramsay McCue | 19-50805 |
| 75. | Mainstar Trust, Custodian for the Benefit of Jeanne Marie Spezia; Jeanne Marie Spezia | 19-50806 |
| 76. | Dolores Schulze, in her capacity as Trustee of The Schulze Family Revocable Living Trust Agreement Dated 05/26/05; Dolores Schulze | 19-50807 |
| 77. | IRA Services Trust Company, Custodian for the Benefit of Lynette Eddy IRA, Lynette Eddy | 19-50808 |
| 78. | IRA Services Trust Company, Custodian For The Benefit of Vicki Andren IRA, Vicki Andren | 19-50813 |
| 79. | IRA Services Trust Company, Custodian For The Benefit of Earl Eddy IRA, Earl Eddy | 19-50814 |
| 80. | Gwendolyn Bissette | 19-50815 |
| 81. | Frances Fernandez | 19-50816 |
| 82. | Helen S. Fong | 19-50818 |
| 83. | Marcella P. Best | 19-50819 |
| 84. | IRA Services Trust Company, Custodian For The Benefit of Bret J. Parent IRA, Bret J. Parent | 19-50821 |
| 85. | Rebecca K Wittler | 19-50822 |
| 86. | Althea McCormick | 19-50823 |
| 87. | Karen I Clara | 19-50824 |
| 88. | Kirk W Chubka | 19-50826 |
| 89. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Angela Chatham IRA, Angela Chatham | 19-50828 |

| | | |
|---|---|---|
| 90. | Mary Ellen Nuhn | 19-50829 |
| 91. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Sharon R. Ferry IRA, Sharon R. Ferry | 19-50831 |
| 92. | Clayton Nakasone | 19-50832 |
| 93. | Barbara Lois Feldman | 19-50833 |
| 94. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Clifton Hartley IRA, Clifton Hartley | 19-50834 |
| 95. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Martha C. Maclean Roth IRA, Martha C. Maclean | 19-50835 |
| 96. | Provident Trust Group, LLC, administrator and custodian for the benefit of Kerstin Rodriguez IRA; Kerstin Rodriguez | 19-50837 |
| 97. | Elizabeth Haskell | 19-50839 |
| 98. | Heidi M Pilant | 19-50841 |
| 99. | Anna Santacroce | 19-50844 |
| 100. | Logan Turrentine | 19-50845 |
| 101. | Karen Vlasak | 19-50846 |
| 102. | Hart Placement Agency, Inc. | 19-50847 |
| 103. | Christopher J Watson | 19-50848 |
| 104. | Robert Elmer | 19-50850 |
| 105. | Peter Greenberg | 19-50855 |
| 106. | JetsuiteX, Inc. | 19-50856 |
| 107. | Aspen Glen, Inc., ClubCorp, Inc. | 19-50858 |
| 108. | Mercedes-Benz International Services LTD | 19-50860 |
| 109. | Ian Rubin Insurance Agency, Inc. | 19-50863 |
| 110. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Thomas A. Piazza IRA, Thomas A Piazza | 19-50867 |
| 111. | I. Cleveland Huff, in his Capacity as Trustee of the Huff Irrevocable Trust Dated 12/10/12, I Cleveland Huff | 19-50868 |
| 112. | Kathy Hagen, in her Capacity as Trustee to the Kathy A. Hagen Declaration of Trust Dated March 2,1998; Kathy Hagen | 19-50869 |
| 113. | Judith L. Werner, in her Capacity as Trustee of the Werner Family Living Trust 03/02/00, Michael P. Werner, in his Capacity as Trustee of the Werner Family Living Trust 03/02/00, Judith L. Werner, Michael P. Werner | 19-50871 |
| 114. | JAL Poultry and Swine Farms LLC | 19-50873 |
| 115. | Gilchrist Metal Fabricating Co., Inc. | 19-50874 |
| 116. | Ascensus, LLC, Custodian for the Benefit of John C. Miller IRA, John C. Miller | 19-50875 |
| 117. | Lavinia Mitrea, Daniel Mitrea | 19-50876 |
| 118. | Donald Abney, Lee Ann Abney | 19-50881 |
| 119. | Billy McNeese, Sally McNeese | 19-50883 |

| 120. | John R. Burns, in his capacity as Trustee of the John R. Burns Trust, John R. Burns | 19-50891 |
|---|---|---|
| 121. | Rochelle Berman, In Her Capacity As Trustee Of The Rochelle Berman Trust, Rochelle Berman | 19-50892 |
| 122. | IALT Enhanced Income Portfolio 1 LLC, IALT Portfolio Management, LLC, Devon Mason | 19-50895 |
| 123. | Leiah Kitare | 19-50901 |
| 124. | James D. Lawless, in his capacity as Trustee of the Lawless Trust, James D. Lawless, Doris Lawless | 19-50902 |
| 125. | Martin Schneider | 19-50903 |
| 126. | Fred Randhahn; Karen Randhahn; Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Antelope Women's Center 401K PSP for the Benefit of Karen Randhahn; Kronos Global Advisors, Inc. | 19-50908 |
| 127. | Edward Boyack, Solely in his Capacity as Special Administrator of the Estate of William Perry, a/k/a Herbert Perry; Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Herbert Perry | 19-50909 |
| 128. | IRA Services Trust Company, Custodian for the Benefit of Harold L. Lustig IRA; Harold L. Lustig | 19-50910 |
| 129. | Phillip Ball (aka Larry Ball) | 19-50913 |
| 130. | Michael Kandravi | 19-50914 |
| 131. | Maxwell Financial Group, Inc. | 19-50915 |
| 132. | JRH Marketing, Inc. | 19-50916 |
| 133. | Kim Butler | 19-50917 |
| 134. | Joseph Rubin Inc., a New York corporation, Joseph Rubin | 19-50918 |
| 135. | All Mark Insurance Services, Inc., Cameron Johnson | 19-50921 |
| 136. | Chris Dantin Financial Services, LLC, Chris A. Dantin, Sr. | 19-50922 |
| 137. | Life Plan Advisors Inc. | 19-50924 |
| 138. | Bradford Solutions, LLC, Marcus Bray | 19-50925 |
| 139. | David A. Scholl | 19-50926 |
| 140. | Danny Van Houten | 19-50927 |
| 141. | Christopher Longworth | 19-50928 |
| 142. | Asset Management Consultants of NC, Inc. and Carlton Scott Phillips | 19-50929 |
| 143. | Annua Group LLC | 19-50930 |
| 144. | Retirement Services LLC | 19-50931 |
| 145. | Robert M. Linderman | 19-50932 |
| 146. | Old Security Financial Group Inc. | 19-50933 |
| 147. | Prestige Insurance Services, LLC | 19-50934 |
| 148. | Thomas Doherty | 19-50936 |
| 149. | Vlchetr Thong | 19-50937 |

| 150. | David Johnston | 19-50943 |
|---|---|---|
| 151. | Eric Little | 19-50944 |
| 152. | Frontier Advisors Group LLC, David Nichols | 19-50945 |
| 153. | John Fagan | 19-50947 |
| 154. | Dayspring Advisors Group LLC, Ronnie Weller | 19-50948 |
| 155. | Harvey & Companies, Inc., Ronald J. Harvey | 19-50950 |
| 156. | Ivy League College Planning Strategies, Inc., Michael Rappa | 19-50951 |
| 157. | James Lamont | 19-50952 |
| 158. | Gary L. Burke | 19-50954 |
| 159. | Mainstar Trust, Administrator and Custodian for the Benefit of Stacey Renee Maxted T2176604, Stacey Renee Maxted, Gerbera, LLC | 19-50956 |
| 160. | Morgan J. Commodore | 19-50957 |
| 161. | Gregg W. Butler | 19-50958 |
| 162. | Patrick Gatbonton | 19-50959 |
| 163. | Integrity Plus Consulting, Inc., Sean P. Renninger | 19-50960 |
| 164. | Darin Baker | 19-50961 |
| 165. | Jeffrey DeAngelis | 19-50962 |
| 166. | Peter Derienzo | 19-50963 |
| 167. | Gerard J. O'Neill | 19-50964 |
| 168. | James E. Campbell Jr. Inc. (d/b/a Campbell Financial Corp.), and James E. Campbell, Jr. | 19-50965 |
| 169. | Dime Strategies, Inc.; Ronald P. Diez | 19-50966 |
| 170. | Talbert Wealth; Steven Glick | 19-50967 |
| 171. | Ascensus, LLC d/b/a Provident Trust Group, Custodian for the Benefit of Geneva W. Guilbeaux IRA; Diana Engelhardt, Solely in her Capacity as Executrix to the Estate of Geneva W. Guilbeaux; Diana Engel Solely in her Capacity as Executrix to the Estate of Charles D. Guilbeaux | 19-50968 |
| 172. | RH Principled Investments, and Raymond Han | 19-50970 |
| 173. | Thomas Masztak | 19-50971 |
| 174. | Jacob A. Weiss | 19-50972 |
| 175. | David Keledjian | 19-50973 |
| 176. | Harold Plain | 19-50974 |
| 177. | David Roitfarb | 19-50975 |
| 178. | Joseph W. Isaac | 19-50976 |
| 179. | Randy Robertson | 19-50977 |
| 180. | Joseph A. Loox | 19-50978 |
| 181. | Donovan Knowles | 19-50980 |
| 182. | Gregory Jandt | 19-50981 |

| 183. | Albert Payne | 19-50982 |
|---|---|---|
| 184. | The Three Fourteen Company, Andres Pina | 19-50983 |
| 185. | Gregory Neal Johnson | 19-50985 |
| 186. | Jacqueline Suarez | 19-50986 |
| 187. | James A. Klohn & Assoc., P.A. | 19-50989 |
| 188. | NAA Insurance Agency, Corp. | 19-50990 |
| 189. | Shanoid A. Mays | 19-50993 |
| 190. | Queen B Services | 19-50995 |
| 191. | Reliant Group 360 Corp. | 19-50996 |
| 192. | Matthew Gilchrist | 19-50997 |
| 193. | John J. McNamara | 19-50998 |
| 194. | John E. McEnerney | 19-50999 |
| 195. | David Valencia, Valencia Financial Services, LLC | 19-51000 |
| 196. | Bette Tydings | 19-51002 |
| 197. | Ricki Dean Wiggs a/k/a Ricki Wiggs | 19-51003 |
| 198. | Retirement Planning Solutions, LLC, Gordon Hannah | 19-51004 |
| 199. | Daniel P. Orfin | 19-51005 |
| 200. | Dennis Drake, Mid-Atlantic Brokers, Inc. | 19-51006 |
| 201. | Dan Reisinger | 19-51007 |
| 202. | Richard Anthony Miller | 19-51008 |
| 203. | Bruce Moore | 19-51009 |
| 204. | John Harris d/b/a Harris Financial Management | 19-51011 |
| 205. | Gaulan Financial LLC | 19-51012 |
| 206. | Gene H. Langenberg | 19-51013 |
| 207. | Yanitsha M. Feliciano | 19-51015 |
| 208. | Legacy Financial Network and Retirement Services, Inc. and Jeffrey Nimmow | 19-51016 |
| 209. | Ronaldo G. Espiritu | 19-51017 |
| 210. | William Deaton | 19-51019 |
| 211. | Security Financial, LLC, Ameritrust Advisors of SC, LLC | 19-51020 |
| 212. | Michael Robinson | 19-51021 |
| 213. | Searchlight Financial Advisors, LLC, Caroline Rakness | 19-51022 |
| 214. | Michael P. Litwin | 19-51023 |
| 215. | Theresa Sheridan | 19-51026 |
| 216. | Kenneth Halbert | 19-51027 |
| 217. | Roxanne Trent | 19-51028 |
| 218. | Safety of Principle, Inc. | 19-51029 |
| 219. | Security First Financial, LLC, Jerald Kagarise | 19-51030 |

| 220. | Bank of America Corporation | 19-51031 |
|------|------------------------------|----------|
| 221. | Smithson Financial Group | 19-51032 |
| 222. | Alfred S. Malianni, In His Capacity As Co-Trustee Of The Alfred S. And Gail E. Malianni Revocable Living Trust January 15, 2011; Gail E. Malianni, in her capacity as co-trustee of the Alfred S. and Gail E. Malianni Revocable Living Trust January 15, 2011; Alfred S. Malianni; Gail E. Malianni | 19-51034 |
| 223. | JP Snyder, Inc. | 19-51035 |
| 224. | Alternative Portfolio Solutions LLC and Richard Renshaw | 19-51036 |
| 225. | Annuity Alternatives of America, LLC | 19-51037 |
| 226. | Glen D. Barnes | 19-51038 |
| 227. | Basic Financial Services Inc., Basic Wealth Advisors, Inc., Fred C. Johnson | 19-51039 |
| 228. | Jace T. McDonald, Adams EZ Tax, LLC | 19-51040 |
| 229. | TWH Annuities & Insurance Agency, Inc., Gryphon Financial Services | 19-51042 |
| 230. | Sycamore Group, Inc., Bender W. Mackey | 19-51043 |
| 231. | Crosier Financial, Inc., d/b/a Crosier Financial, John Reed Crosier | 19-51045 |
| 232. | Uma Gajavada | 19-51046 |
| 233. | Jay N. Brown | 19-51047 |
| 234. | Christopher M. Soulier | 19-51050 |
| 235. | Barbara A. Weiser, Jay R. Weiser | 19-51051 |
| 236. | Ascensus, LLC, Administrator and Custodian for the Benefit of Qun Hong Yin Roth IRA, Qun Hong Yin, Qun Hong Yin, as Trustee of the Qun Hong Domissy Yin Living Trust | 19-51052 |
| 237. | Floyd E. Powell | 19-51056 |
| 238. | Faithway Financial Solutions LLC | 19-51057 |
| 239. | Tangible Assets Investments, LLC, Charles Thorngren | 19-51058 |
| 240. | American Prosperity LLC, Taylor Ogden | 19-51060 |
| 241. | Shelburne Management, LLC, Dennis Carpenter | 19-51061 |
| 242. | Wieniewitz Financial LLC, Trae Wieniewitz | 19-51062 |
| 243. | Sesco Benefit Services, Inc., Peter Holler | 19-51064 |
| 244. | BCM Benefits Inc., Rance Bradshaw | 19-51065 |
| 245. | To The Max Marketing, Inc. | 19-51066 |
| 246. | Structured Strategies, LLC, Alan K. Hoffman | 19-51067 |
| 247. | S.J. Financial Services, L.L.C., Glenn Johnson | 19-51068 |
| 248. | Deb Brundage | 19-51069 |
| 249. | Forecast Financial Group LLC, Forrest Financial LLC, Gary Forrest | 19-51070 |
| 250. | Eduardo G. Diaz, Diaz Retirement Consultants | 19-51071 |

| 251. | Robert Shapiro, Jeri Shapiro, 3X A Charm, LLC, Carbondale Basalt Owners, LLC, Davanna Sherman Oaks Owners, LLC, In Trend Staging, LLC, Midland Loop Enterprises, LLC, Schwartz Media Buying Company, LLC, Stover Real Estate Partners, LLC | 19-51076 |
| 252. | Matthew Schwartz, Matte Black Inc. | 19-51077 |
| 253. | Scott Schwartz, Up and Coming Capital, LLC, Up and Coming, LLC | 19-51078 |
| 254. | Albert D. Klager, Atlantic Insurance & Financial Services Inc. | 19-51079 |
| 255. | Ascensus, LLC, Custodian for the Benefit of Gail Marie Bush IRA, Gail Marie Bush, Gail Marie Bush as Trustee of the Gail Marie Bush Trust Dated 12/21/2001 | 19-51133 |
| 256. | Harry R. Culotta, in his Capacity as Trustee of the Harry R. Culotta Trust Dated 11/16/16, Harry R. Culotta | 19-51138 |
| 257. | FIC, LLC | 19-51140 |
| 258. | Brian Scott, Margaret Scott | 19-51143 |
| 259. | Kevin Martin | 19-51144 |
| 260. | Comerica Bank | 20-50452 |